Weygandt, C. J.
Among the defendant’s numerous contentions, the only one requiring consideration by this court is whether the plaintiff is a holder in due course under the provisions of Sections 8119 and 8157, General Code.
The first of these reads as follows:
“When the instrument is wanting in any material particular, the person in possession thereof ha& a prima facie authority to complete it by filling up the *193 blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that such an instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if such an instrument after completion is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time.”
Section 8157 reads:
“One is a holder in due course who has taken the instrument under the following conditions:
“1. That it is complete and regular upon its face. “2. That he became the holder of it before it was overdue, and without notice that it previously had been dishonored, if such was the fact.
“3. That he took it in good faith and for value.
“4. That at the time it was negotiated to him be had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. ’ ’
The gravamen of the defendant’s complaint is that the blank spaces in the note had not been filled completely at the time it was negotiated to the plaintiff.
The uncontradicted evidence is that the defendant made a practice of discounting its notes with the plaintiff ; that whenever a sale was in prospect the defendant reported the matter to the plaintiff and the latter would investigate the prospective purchase for the purpose of determining whether the note would make an acceptable investment; that if the plaintiff approved the transaction, the defendant would proceed *194 to have the purchaser sign the form note; and that the defendant then would take the note to the plaintiff ’s office where the agreed figures' would be inserted in the proper spaces, and the note would be indorsed by the defendant.
That procedure was followed in this instance, and the correctness of the figures is not questioned.
Clearly the plaintiff is a holder in due course under the provisions of the foregoing statutes.
. Furthermore, although the indorsement is a qualified- one, being without recourse, the defendant warranted the capacity of the maker, Lynch, to contract. The following provision of Section 8170, General Code, makes it equally clear that the qualified indorsement did not have the effect of relieving the defendant of its liability:
“Every person negotiating an instrument by delivery or by a qualified endorsement warrants:
l i * * *
“3. That all prior parties had capacity to contract.
# * 7 J •
Neither the plaintiff nor the defendant was aware of Lynch’s minority at the time he signed the note.
Under the circumstances the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.